**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 12 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY OF COACHELLA, a California municipal corporation, | Nos. 08-55680, 08-55681 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-01142-SGL-OP |
| v. | |
| HARBOR REAL ASSET FUND, LP, a Delaware limited partnership; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted October 5, 2009[**]
Pasadena, California

Before: KLEINFELD and TALLMAN, Circuit Judges, and POLLAK,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1

The district court correctly ruled that the demand letters did not comply with the terms of the letters of credit, and granted Harbor Real Asset Fund LP's ("Harbor") motion to dismiss.

The City of Coachella ("City") brought this diversity suit in federal district court sitting in California, so California choice of law rules apply. See 389 Orange St. Partners v. Arnold, 179 F.3d 656, 661 (9th Cir. 1999). California law provides that, where there is no agreement specifying the choice of law, "the liability of an issuer . . . is governed by the law of the jurisdiction in which the person is located." Cal. Com. Code § 5116 (b). In this case, the issuer, Harbor, is located in Utah, and Utah law governs. Utah has adopted the Uniform Commercial Code's provisions governing letters of credit.

"A letter of credit is issued and becomes enforceable *according to its terms* against the issuer when the issuer sends or otherwise transmits it to the person requested to advise or to the beneficiary." Utah Code Ann. § 70A-5-106(1) (emphasis added). On receiving a demand for payment, the issuer performs what amounts to a ministerial evaluation of the letter of credit and the demand presented to see if the demand complies. See Ward Petroleum Corp. v. Fed. Deposit Ins. Corp., 903 F.2d 1297, 1299 (10th Cir. 1990) (quoting Am. Coleman Co. v.

2

Intrawest Bank, 887 F.2d 1382, 1386 (10th Cir. 1989) ("The duty of the issuing Bank is ministerial in nature, confined to checking the presented documents carefully against what the letter of credit requires.")).

Here, the question at issue is whether the City's certification statements strictly comply with the terms of the letters of credit. On the face of the letters, they do not. The terms of each letter of credit say that it applies to "that certain agreement entered into between the City of Coachella . . . and Walker Design Services, LLC." They further state that the letter will be paid on presentation of the City's "written statement . . . certifying that there has been a failure of the Principal to perform the above agreement" (emphasis added).

The City's demand letters do not make that certification. The City's letters state that Walker Design failed to perform under the terms of the agreement between the City and Coachella Capital, not between the City and Walker Design. Because the demand letters do not comply with the requirements of the letters of credit, Harbor did not wrongfully dishonor the letters of credit when it refused to make payment.

AFFIRMED.